*Joseph & Kirschenbaum LLP*
Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

August 30, 2016

**VIA ECF**

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *O'Connor v. Gallagher's Famous LLC, No. 16-cv-6055*

Dear Judge Furman:

We represent Plaintiff in the above-captioned matter. I write with respect to Your Honor's Order dated earlier today. We write to respectfully request that Your Honor relieve us of the requirement to attend a Settlement Conference before Judge Freeman until after the Court has decided Plaintiff's anticipated Rule 23 Motion. I apologize for the seemingly repetitive nature of this request, and I respectfully note that perhaps I should have fashioned my original request in precisely this manner in accordance with Your Honor's August 2, 2016 Order.

In Your Honor's Order dated August 2, 2016, Your Honor stated that "[I]f the parties believe that early mediation would not be appropriate in this case (for example, because they believe that settlement discussions should be deferred until after collective-action or class-action motion practice)," they should, prior to the deadline to Answer (which is September 15, 2016 here) request relief from the Order requiring a Settlement Conference before Judge Freeman.

Plaintiff's Complaint was filed as a class/collective under the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201 *et seq*., and FRCP 23. The putative Class/Collective includes all service employees employed by Defendants during the relevant limitations periods. Per Plaintiff's allegations, these groups of employees were subject to the exact same practices challenged in this Lawsuit. Specifically, (a) they were paid pursuant to a tip credit under the FLSA and New York Labor Law (NYLL) §§ 650 *et seq.,* but were not given appropriate notices of the tip credit, in violation of the FLSA and NYLL, s*ee e.g. Monterossa v. Martinez Rest. Corp.,* 2012 U.S. Dist. LEXIS 127811 (S.D.N.Y. Sept. 7, 2012) (granting summary judgment for plaintiffs where defendants failed to give employees proper notice of the tip credits), and (b) they had half an hour automatically deducted from their pay each shift for a break, but were required to work through this unpaid break.

In light of the class/collective nature of the allegations, Plaintiff believes that it will be difficult to have meaningful settlement discussions until the scope of the FLSA and Rule 23 Collective/Class is defined, which will likely be after some discovery and motion practice.  To be sure, one additional individual, Frank Smith, has already opted-in to this lawsuit.

Accordingly, we respectfully request that the Court relieve us of the requirement to attend an early settlement conference.  Plaintiffs of course are interested in an early resolution, but Defendants have made clear to me that they are not interested in class-wide settlement discussions.  Therefore, a decision on Plaintiffs' anticipated class/collective motions is clearly a prerequisite to meaningful settlement discussions.   I again apologize to Your Honor for the repetitive nature of my request.

We thank the Court for its attention to these matters.


Respectfully submitted,


/s/  D. Maimon Kirschenbaum
D. Maimon Kirschenbaum



Cc:  David Weissman, Esq.